ELBERN N. COONS v. STATE OF NEBRASKA.

FILED NOVEMBER 17, 1916. No. 19431.

Burglary: SUFFICIENCY OF EVIDENCE. The evidence examined, and
found to support the verdict of the jury declaring the defendant
guilty.

ERROR to the district court for Cherry county: WIL-
LIAM H. WESTOVER, JUDGE. *Affirmed.*

*Robert G. Easley* and *Walcott & Walcott,* for plaintiff
in error.

*Willis E. Reed, Attorney General,* and *Charles S. Roe,*
contra.

HAMER, J.

The plaintiff in error, hereafter called the defendant,
brings this case here so that we may review the judgment
of the district court for Cherry county. He was arrested
August 13, 1915, and was charged with the crime of bur-
glary alleged to have been committed on or about the 29th
day of July, 1915. On the 6th day of October, 1915, he
was sentenced to serve an indeterminate sentence of from
one to ten years in the penitentiary. The evidence against
him is circumstantial. Ten instructions were given by the
court upon its own motion. In the motion for a new trial
error is alleged in the giving of these instructions, but
there is no discussion of any of them in the defendant's
brief. There was a motion by the defendant for a directed
verdict, but this motion was overruled. The insufficiency
of the evidence to sustain the verdict is apparently the
main question upon which defendant's counsel rely.

Briefly stated, the facts are as follows: One George
O'Kieffe was building a house on his farm. On the eve-
ning of July 28, 1915, O'Kieffe and the men working with
him left the house, which was then nearly completed. The

windows and doors were all in, except that in one of the openings prepared for a window boards were nailed across the opening. The next morning when the men returned they found that the house had been entered during the night season and numerous articles, including log chains, carpenter tools, paint brush, and a pair of pincers, had been taken away. There were evidences that paper had been burned in the house to furnish light for the burglars. The country is sparsely settled. Rain had fallen in the night. A fresh wagon track was followed from the house by O'Kieffe and some of the men a distance of eight or ten miles to near the home of defendant. About a mile away from his home the wagon had been stopped, a hole dug in the ground, and certain articles buried. Among them were carpenter tools and the paint brush. The wagon track left the main road near the defendant's place, and after a circuitous route across the prairie was finally lost near the defendant's house. A wagon was standing in the yard of defendant, and there was a smear of moist white paint upon the bottom of the box. The paint brush taken was moist with white paint. The defendant's team looked fagged and weary, and showed signs of having been hard driven. The harness lay by the wagon tongue as it may have been thrown down when the team was unhitched. The stolen pair of pincers was found on the ground a short distance from defendant's house. When questioned regarding the paint on the wagon, the defendant stated that it had been there a long time, but other witnesses stated that the paint was still moist so that it came off when it was rubbed with the finger. Defendant's witnesses testified that the horses were fagged out from hauling a heavy water tank; that the trail on the prairie near the house was made by the team and wagon when used to pick up fuel—"cow chips"—and that defendant was at home all that night.

We are convinced that the jury were justified in disbelieving the testimony of defendant's witnesses, and that

they were equally justified from the circumstantial evidence in finding the defendant guilty.

It is possible that the conclusion reached by the jury upon the circumstantial evidence is wrong, but the jurors were inhabitants of the county, and much better qualified to determine the truth or falsity of the testimony than is this court. There is sufficient evidence in the record, if the jury disbelieved the defendant's witnesses, to uphold the conviction.

The value of the property taken was found by the jury to be $35.25, only a few cents more than an amount for which the defendant could have been convicted only of petit larceny. He had a wife and children. So far as the record shows, this is his first offense. It may be doubted whether further punishment than he has already suffered is advisable. It is to be hoped that the parole board will take these facts into consideration.

The judgment of the district court is

AFFIRMED.